UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-8-MOC
5:15-cr-53-MOC-DCK-9

| | |
|---|---|
| ABBY WILMOTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, (Doc. No. 1).

Petitioner entered a straight up guilty plea to: Count (1), conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine; Count (2), possession and distribution of pseudoephedrine; Counts (10), (12) and (15), possession of materials to make methamphetamine; and Counts (11), (13) and (14), maintaining premises for manufacturing and distributing methamphetamine. (5:13-cr-53, Doc. Nos. 191, 195). Count (1) carries a 120-month minimum mandatory sentence. See 21 U.S.C. §§ 846, 841(b)(1)(A).

The PSR calculated a total offense level of 32 and criminal history category of III. (5:13-cr-53, Doc. No. 336, ¶ 105). No Chapter Four enhancements were applied. (5:13-cr-53, Doc. No. 336, ¶ 52). This resulted in an advisory guideline range of 151 to 188 months' imprisonment. (5:13-cr-53, Doc. No. 336, ¶ 105). The Court imposed a downward variance sentence of 120 months' imprisonment for each count, concurrent. (5:13-cr-53, Doc. No. 370); see (5:13-cr-53, Doc. No. 371).

Appellate counsel filed a memorandum brief pursuant to Anders v. California, 386 U.S.

1

738 (1967), certifying that there were no meritorious grounds for appeal but questioning the validity of Petitioner's guilty plea and the reasonableness of her sentence. Petitioner did not file a supplemental *pro se* appellate brief. However, the Fourth Circuit directed supplemental briefing on whether the Court properly applied a sentencing enhancement for creating a substantial risk of harm.

On August 29, 2016 the Fourth Circuit affirmed, finding that the guilty plea was knowing, voluntary, and supported by a sufficient factual basis; that any error regarding the sentencing enhancement was harmless in light of the Court's imposition of the minimum mandatory sentence of 120 months' imprisonment; and that Petitioner failed to overcome the presumption that her downward variant sentence was presumptively reasonable. The Fourth Circuit also reviewed the entire record in accordance with <u>Anders</u> and found no meritorious issues for appeal. <u>United States v. Wilmoth</u>, 668 Fed. Appx. 455 (4th Cir. 2016).

Petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the District of Minnesota in which she attempted to attack the underlying criminal case pursuant to the savings clause. <u>See</u> 28 U.S.C. § 2255(e). The Minnesota court dismissed the § 2241 petition without prejudice for lack of jurisdiction, in part, because Petitioner never sought relief pursuant to § 2255, and forwarded the matter to this Court. <u>See</u> <u>Wilmoth v. Barnes</u>, 2019 WL 135703 (D. Minn. Jan. 8, 2019); (Doc. No. 1-1).

In the instant § 2255 Motion to Vacate, Petitioner argues *verbatim*:

> Violation of Constitutional Right – Amendment V – Due Process (2255)(f)(3). Defendant is denied her due process right under the recent Supreme Court decisions pursuant to Ineffective Assistance of Counsel and crime of violence.

(Doc. No. 1 at 4).

The § 2255 Motion to Vacate fails to identify the Supreme Court case on which it relies

and includes no factual allegations. It is too vague and conclusory to state a claim and also fails to establish that it was timely filed. See 28 U.S.C. § 2255(f). Petitioner will therefore be required to file an Amended § 2255 Motion to Vacate curing these deficiencies.

Although Petitioner is appearing *pro se*, she is required to comply with the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). The Amended § 2255 Motion to Vacate will supersede and replace the original § 2255 Motion to Vacate so that any claims not included in the Amended § 2255 Motion to Vacate will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2255 Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back).

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file a superseding Amended § 2255 Motion to Vacate in accordance with this Order. If she fails to do so, this case will probably be dismissed as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have **thirty (30)** days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend § 2255 Motion to Vacate within the time limit set by the Court, this action will probably be dismissed as time-barred.

2. The Clerk of Court is directed to mail Petitioner a new § 2255 Motion to Vacate form.

Signed: January 25, 2019

Max O. Cogburn Jr
United States District Judge

4